Matthew M. Levy, J.
This is a proceeding, under article 78 of the Civil Practice Act, wherein the petitioner seeks to review the determination of the respondent Police Commissioner in passing over the petitioner for appointment as a probationary patrolman in the Police Department of the City of New York, and for an order directing his appointment to such position.
The petitioner alleges that he was found qualified upon a written examination for patrolman in the Police Department and was placed on the eligible list and was duly certified by the Civil Service Commission as eligible for appointment, that such eligible list has not expired and that persons lower than the petitioner thereon have been appointed. The petitioner was notified by the respondent that, having been considered three times for appointment and not having been selected on any of the three occasions, the petitioner had been passed over for appointment. In response to his attorney’s written request for information, the petitioner was informed by the respondent that he had been passed over pursuant to the discretionary power vested in the Police Commissioner, and that such action was taken only after careful thought and consideration.
One question here is whether the Police Commissioner of the City of New York, in making appointments to the position of patrolman in the Police Department of the City of New York, is obliged to appoint all eligibles certified by the Civil Service Commission and in the order of their appearance upon the eligible list, or whether the Police Commissioner, in view of the provisions of section 8 of article IX of the New York State Constitution, and subdivision 1 of section 6 of the Civil *740 Service Law, has discretion (N. Y. City Civ. Serv. Comm. Rules, rule V, § VIII, subd. 2, par. [a]) to select any one of the three eligibles certified by the Civil Service Commission (N. Y. City Civ. Serv. Comm. Rules, rule V, § VII, subd. 1). That question has long ago been resolved against the petitioner (People ex rel. Balcom v. Mosher, 163 N. Y. 32; see Matter of O’Connor v. Eppig, 14 Misc 2d 641, 654-655).
The other question is whether the Commissioner may refuse appointment without assigning any reason therefor. Whatever doubt may have heretofore existed on this subject was resolved by the Appellate Division of this Department in Matter of Delicati v. Schechter (3 A D 2d 19), a case squarely in point. There, as here, petitioner sought to review the Police Commissioner’s refusal to appoint him as probationary patrolman from the eligible list without giving any reason for such refusal. In that case, the court held (p. 21) “ that the police commissioner is not obliged to appoint an otherwise qualified eligible merely because there is not presented, as to the eligible, a cognizable objection in law or reason. ” Nor can the petitioner require that the Police Commissioner state a reason why the Commissioner did not appoint him. The Appellate Division, in commenting on this phase of the case, stated, at page 23: “ In the present case there is nothing, whatsoever, which indicates or suggests the exercise of illegal or arbitrary power by the police commissioner. In saying this, it is held, within the context of cases involving civil service appointment, that the failure to provide particulars or a specification of reasons for the exercise of discretion in declining an appointment is not evidence of arbitrariness or capriciousness. ’ ’
The present petitioner does not set forth any facts in support of his conclusory allegations that the determination of the respondent in not appointing him and in passing him over was capricious, arbitrary, unreasonable, unlawful, in violation of his rights or constituted an abuse of discretion (cf. Matter of Winkle v. Adams, 4 Misc 2d 441, 445-448).
The application is therefore denied and the petition dismissed. Order signed.